MERCHANTS LEGAL STAMP COMPANY *vs.* WILLIAM SCOTT.

Suffolk.   December 8, 1914. — February 27, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Trading Stamps.  Contract,* Validity.  *Monopoly.  Restraint of Trade.  Equity Jurisdiction,* No enforcement of unlawful contract.

A corporation, which has issued trading stamps under contracts containing restrictions decided by this court in *Merchants Legal Stamp Co.* v. *Murphy, ante,* 281, to be illegal and void under St. 1908, c. 454, § 1, cannot maintain a suit in equity to restrain a person, who with knowledge of the terms of such contracts bought the plaintiff's trading stamps from customers of the plaintiff, from buying and disposing of such stamps, where the defendant is not shown to have engaged in any fraud, deception or unfair competition.

*Whether* a corporation that has issued trading stamps under contracts that are illegal and void under St. 1908, c. 454, § 1, can be compelled to redeem such trading stamps that have been acquired in violation of the unenforceable terms of its contracts, here was referred to as a question that was not before the court.

BILL IN EQUITY, filed in the Supreme Judicial Court on May 20, 1914, by the same corporation which was the plaintiff in

*Merchants Legal Stamp Co.* v. *Murphy, ante,* 281, to restrain the defendant from transferring, buying, selling, dealing in or in any manner possessing or disposing of the plaintiff's trading stamps or trading stamp books.

The defendant's answer, among other matters, alleged that the plaintiff was maintaining an unlawful monopoly and that the contracts sought to be enforced by it were in restraint of lawful competition under St. 1908, c. 454, § 1.

The case was referred to Franklin T. Hammond, Esquire, as master, to whom the previous case mentioned above also had been referred. The only difference between the facts in this case and those in the previous case is pointed out in the opinion.

The case was heard by *Sheldon,* J., upon the defendant's exceptions to the master's report. The justice made an interlocutory decree, ordering that the defendant's exceptions be overruled and that the master's report be confirmed. Later by order of the same justice a final decree was made ordering that the defendant be "enjoined from transferring, buying, selling, dealing in, or in any manner possessing or disposing of the plaintiff's legal stamps or stamp books without the plaintiff's consent; and the defendant is directed to deliver to the plaintiff all legal stamps and stamp books belonging to the plaintiff now in the defendant's possession or control; and that the defendant pay to the plaintiff the sum of $1, as nominal damages, suffered by the plaintiff in the premises, and the sum of $18.46 as costs of suit, and that execution issue therefor." The defendant appealed.

*J. A. McGeough,* for the defendant.

*S. L. Whipple,* (*C. Connor* with him,) for the plaintiff.

BRALEY, J. The master's report and the inferences which fairly may be drawn therefrom do not disclose any material facts as to the nature and effect of the plaintiff's business different from those reviewed in *Merchants Legal Stamp Co.* v. *Murphy, ante,* 281, except that the defendant with knowledge of the terms of the contract instead of buying from the plaintiff has to a limited amount obtained stamps in exchange for goods from customers of the plaintiff who came into his store to trade.

But as the plaintiff, for reasons stated in the previous case, has adopted a form of contract, the deliberate purpose and effect

of which when put in operation is to stifle competition and restrain trading in these stamps by others, in violation of St. 1908, c. 454, § 1, the defendant, who is not shown to have engaged in fraud, deception or unfair competition, is not guilty of any actionable wrong.

The question whether the plaintiff can be compelled to redeem stamps acquired in violation of its contracts is not before us.

The decree for the plaintiff must be reversed, and a decree is to be entered dismissing the bill with costs.

*Ordered accordingly.*